## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP M. WASELESKI, | ) | CASE NO. 1:23-cv-00548 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BROOKLYN, *et al*., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | |

Before the Court is Defendants' Motion for Judgment on the Pleadings.  (ECF No. 13).

Also pending is Plaintiff's Objections to the Magistrate Judge's Order (ECF No. 27), which denied

Plaintiff's motion for leave to file an amended complaint (ECF No. 22).  (ECF No. 28).  For the

reasons discussed below, Defendants' Motion is **GRANTED IN PART**, Plaintiff's Objection is

**OVERRULED**, and the Magistrate Judge's Order is **AFFIRMED**.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2023, Plaintiff filed a complaint against City of Brooklyn ("Brooklyn"),

Scott Mielke, Chief of Police for the Brooklyn Police Department ("BPD"), and James J.

McDonnell, prosecutor for Brooklyn, as well as Tony Aftim, Kyle Pitts, and Mike Spisak, all law

enforcement officers in the BPD (collectively, "Defendants").  (ECF No. 1).  This action arises out

of a traffic stop on January 3, 2021, where Defendant Aftim allegedly searched and seized Plaintiff

and his personal property without probable cause and with discriminatory intent.  (*Id.* at PageID

#5–6).  Plaintiff alleges that BPD has become politicized, and that Brooklyn is liable for the actions

of its law enforcement officers because of previously filed lawsuits and a lack of adequate training

for police officers.  (*Id.* at PageID #7–8).  Plaintiff further alleges that Defendants prosecuted him

in Brooklyn Mayor's Court and then the Cuyahoga County Court of Common Pleas[1] without probable cause.  (*Id.* at PageID #17–18).  Plaintiff asserts eight claims: (i) Unlawful Search, in violation of the Fourth Amendment (Count One); (ii) Unlawful Seizure, in violation of the Fourth Amendment (Count Two); (iii) Municipal Liability for Unconstitutional Custom or Policy (Count Three); (iv) Municipal Liability for Failure to Train (Count Four); (v) Negligent Hiring, Training, and Supervision (Count Five); (vi) Negligent Infliction of Emotional Distress (Count Six); (vii) Malicious Prosecution, in violation of the Fourth Amendment (Count Seven); and (viii) False Imprisonment.[2]  (*Id.* at PageID #8–19).

Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP Motion") on the same date as the complaint.  (ECF No. 2).  On July 10, 2023, Magistrate Judge James E. Grimes, Jr. issued an order granting Plaintiff's IFP Motion.  (ECF No. 4).  On September 6, 2023, an original summons was issued to the United States Marshals Service for service on Brooklyn, (ECF No. 8), and a return of service indicated that service was executed on September 19, 2023, (ECF No. 9).

On October 20, 2023, Defendants filed the instant motion for judgment on the pleadings.  (ECF No. 13).  Defendants argued that Plaintiff's claims are all time-barred by the applicable statute of limitations and Plaintiff failed to timely serve Defendants.  (*Id.* at PageID #70–73).  After receiving an extension of time, Plaintiff filed his opposition to the motion on November 22, 2023.  (ECF No. 20).  On December 4, 2023, Defendants filed their reply.  (ECF No. 24).

---

[1] Plaintiff appears to have simply misstated the correct state court because: (i) there was no action prosecuted in the Cuyahoga County Court of Common Pleas against Plaintiff at this time and related to the allegations of this action; and(ii) as discussed below, the action in the Brooklyn Mayor's Court was transferred to Parma Municipal Court.

[2] Counts One (Unlawful Search), Two (Unlawful Seizure), Three (Unconstitutional Custom/Policy), Four (Failure to Train), and Seven (Malicious Prosecution) are all federal claims brought under 42 U.S.C. § 1983, (ECF No. 1, PageID #8–15, 17–18), while Counts Five (Negligent Hiring, Training, Supervision), Six (Negligent Infliction of Emotional Distress), and Eight (False Imprisonment) are claims brought pursuant to Ohio law, (*id.* at PageID #15–17, 18–19).

On December 12, 2023, Plaintiff moved for leave to file an amended complaint, (ECF No. 22), providing a proposed amended complaint that added a ninth claim for assault and battery, (ECF No. 22-2).  Defendants filed an opposition to Plaintiff's request on December 15, 2023. (ECF No. 23).  On December 22, 2023, Plaintiff filed a reply in support of the motion for leave. (ECF No. 24).  On March 15, 2024, Magistrate Judge Grimes issued an order denying Plaintiff's motion for leave to file an amended complaint without prejudice.  (ECF No. 27).  Plaintiff timely filed objections to the Magistrate Judge's Order.  (ECF No. 28).

## II.    OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A judge may reconsider a magistrate judge's determinations *only* "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Plaintiff has made no such showing.  Magistrate Judge Grimes considered Plaintiff's motion for leave to file an amended complaint in the context of Defendants' pending motion to dismiss and the potential dismissal of all claims in this action.  He found that the proposed amended complaint would not alter the Court's analysis on the threshold issues raised in Defendants' Motion for Judgment on the Pleadings—whether Plaintiff's claims were time-barred and whether Defendants were timely served.[3]  (ECF No. 27, PageID #202).  Having reviewed the proposed amended complaint, (ECF No. 22-2), the Court agrees.

Even if Plaintiff could demonstrate that these determinations were clearly erroneous, he cannot demonstrate any prejudice.  The Magistrate Judge denied leave to amend without prejudice

---

[3] Magistrate Judge Grimes noted that Plaintiff's proposed ninth claim for assault and battery was subject to a one-year statute of limitations and would likely face the same fate as the claims challenged in Defendants' pending motion to dismiss.  (ECF No. 27, PageID #202 n.2).

to the ability to file an amended complaint once Defendants' motion to dismiss was resolved. Additionally, Plaintiff's proposed claim for assault and battery under Ohio law would be subject to a one-year statute of limitation pursuant to Ohio Rev. Code § 2305.111(B).  *See* Ohio Rev. Code § 2305.111(B).  Based on the factual allegations in the complaint, as well as the proposed amended complaint, this claim would have accrued on January 3, 2021 (the date of the traffic stop/arrest) or, at the latest, March 25, 2021 (the date Plaintiff alleges he became aware of his cause of action). Either way, the claim accrued and the one-year statute of limitations elapsed well before the complaint was filed on March 16, 2023.  Thus, the proposed claim for assault and battery would be time-barred.  For these reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 28) and **AFFIRMS** the Magistrate Judge's Order (ECF No. 27).

## III.     MOTION FOR JUDGMENT ON THE PLEADINGS

### A.     Legal Standard

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is essentially a delayed motion to dismiss under Rule 12(b)(6) and is evaluated under the same standards.  *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (2021).  Because the standards are the same, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. 2016 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).  Judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law.  *Anders*, 984 F.3d at 1174.  In construing the pleadings, the Court accepts the factual allegations of the non-

movant as true, but not unwarranted inferences or legal conclusions.  *Holland v. FCA US LLC*, 656 F. App'x 232, 236–37 (6th Cir. 2016) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

In deciding a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 [129 S. Ct. 1937, 173 L.Ed.2d 868] (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [127 S. Ct. 1955, 167 L.Ed.2d 929] (2007)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)).  Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" will survive.  *Id.* (quotation and citation omitted).  Conversely, "[m]ere labels and conclusions are not enough[.]"  *Engler*, 862 F.3d at 575.  Nor are facts that are "merely consistent with" liability.  *Bates*, 958 F.3d at 480 (quotation omitted).

### B.     Dismissal for Insufficient Service of Process

Defendants argue that Plaintiff's complaint should be dismissed for insufficient service of process because service was not perfected upon Defendants until more than six months after the complaint was filed, in violation of Ohio Rule of Civil Procedure 4(E).  (ECF No. 13, PageID #72–73).  Plaintiff responds that the Federal Rules of Civil Procedure apply in this case and it should not be dismissed because there is good cause for not serving Defendants within the 90 days provided under Rule 4(m); this includes delays caused by the United States Marshals Service and initial attempts to serve an attorney for Defendants.  (ECF No. 20, PageID #110–12).  Defendants reply that Plaintiff cannot demonstrate good cause through "hearsay claims blaming the US Marshal's Office."  (ECF No. 21, PageID #116–17).

Because this is a federal case brought pursuant to the Court's federal question jurisdiction, the Federal Rules of Civil Procedure apply.  Rule 12(b)(5) permits parties to move for dismissal based on insufficient service of process, while Rule 4 sets forth the requirements for proper service of process.  *See* Fed. R. Civ. P. 4; 12(b)(5).  Rule 4(m) requires a plaintiff to serve the defendants within 90 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  If a plaintiff fails to serve the defendants within 90 days of filing the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*  "But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period."  *Id.* (emphasis added).

The party opposing the motion to dismiss bears the burden of establishing good cause and must make a demonstration of why service was not effectuated within the time limits provided under Rule 4(m).  *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).  Rule 4(m) provides no definition for "good cause," but the Sixth Circuit has defined it as "a reasonable diligent effort to timely effect service of process."  *Thul v. Haaland*, No. 22-5440, 2023 U.S. App. LEXIS 5046, at *6 (6th Cir. Mar. 1, 2023) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (internal quotation marks omitted).  Scenarios that constitute good cause under Rule 4(m) all involve situations where "something outside the plaintiff's control prevents timely service."  *Id.* at *7 (quoting *Savoie v. City of E. Lansing*, No. 21-2684, 2022 U.S. App. LEXIS 23854, at *10 (6th Cir. Aug. 24, 2022)) (internal quotation marks omitted).

When a plaintiff proceeds *in forma pauperis*, it alters the usual service of process under Rule 4 and presents a unique situation for purposes of Rule 4(m).  As such, the Sixth Circuit has recognized that:

The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed. R. Civ. P. 4(c)(1). The appointed person is usually a commercial process server plaintiff has contracted with to effectuate service for a fee. In the case of a plaintiff proceeding *in forma pauperis*, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server. *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991). For this reason, 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding *in forma pauperis*. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. *See Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995) ("The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis."); *see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 302, 109 S. Ct. 1814, 1818–19, 104 L.Ed.2d 318 (1989) ("Congress evidently knew how to require service when it deemed compulsory service appropriate.").

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires the Court to screen all *in forma pauperis* complaints filed in federal court and dismiss *before service* any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Only after the Court completes this screening and permits the complaint to proceed, does the United States Marshals Service begin the process of effectuating service on the defendants. *See Byrd*, 94 F.3d at 219.

It appears that both parties "have misconstrued Fed. R. Civ. P. 4(m) and relevant statutory authority with respect to service for plaintiffs proceeding *in forma pauperis*. . . . [and] appear to have improperly assumed that the date Plaintiff initiated this lawsuit . . . is the appropriate date for

calculating when service was to be completed." *Ayers v. Ohio*, No. 1:18-CV-2890, 2019 U.S. Dist. LEXIS 170264, at *24–25 (N.D. Ohio Oct. 1, 2019).   District courts within this Circuit have determined that the service period provided under Rule 4(m) is tolled and does not begin to run until after the district court screens a plaintiff's *in forma pauperis* complaint and orders/directs service of process.  *See, e.g.*, *Ewing v. Wayne Cnty. Sherriff*, No. 2:22-cv-11453, 2023 U.S. Dist. LEXIS 212322, at *3–4 (E.D. Mich. Oct. 12, 2023); *Akers v. Maerkle*, No. 3:20-01107, 2021 U.S. Dist. LEXIS 236779, at *8–9 (M.D. Tenn. Oct. 22, 2021); *Ayers*, 2019 U.S. Dist. LEXIS 170264, at *24–26.   Other federal circuit courts of appeals have held the same.  *See, e.g.*, *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("[A]n in forma pauperis plaintiff should not be penalized for a delay caused by the court's consideration of his complaint."); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996); *Paulk v. Dep't of the Air Force*, 830 F.2d 79, 83 (7th Cir. 1987).

Plaintiff filed the instant complaint on March 16, 2023, but the Court did not complete the screening process and grant Plaintiff's IFP Motion until July 10, 2023.  (ECF No. 4).  Thus, Plaintiff had 90 days, or until Monday, October 9, 2023, to serve the complaint upon Defendants. Defendants admit that service was perfected upon them on September 19, 2023, (ECF No. 13, PageID #73), and the record reflects that the United States Marshals Service effected service on that date. (ECF No. 9).  Accordingly, Plaintiff has satisfied the requirements under Fed. R. Civ. P. 4 for service of process by a plaintiff proceeding *in forma pauperis* and Defendants' arguments for dismissal based on insufficient service of process are not well-taken.  This portion of Defendants' motion to dismiss is **DENIED**.

**B.      Dismissal as Time-Barred under the Statute of Limitations**

Defendants argue that all of Plaintiff's claims are barred by the applicable statute of limitations.  (ECF No. 13, PageID #70–72).  They contend that the applicable statutes of limitations are: (i) two years for Plaintiff's Fourth Amendment claims for unlawful search and seizure (Counts One and Two) and his municipal liability claims for unconstitutional custom/policy and failure to train (Counts Three and Four), all claims brought under § 1983; (ii) one year for Plaintiff's malicious prosecution claim (Count Seven); (iii) two years for Plaintiff's state law claims under Counts Five and Six; and (iv) one year for Plaintiff's state law claim under Count Eight.  (*Id.*). Defendants further argue that Plaintiff's malicious prosecution claim (Count Seven) accrued on August 23, 2021 (the date Plaintiff prevailed over the relevant citation proceeding), while all other claims accrued on January 3, 2021 (the date of the traffic stop/incident).  (*Id.*).

Plaintiff responds that each of his claims carries a two-year statute of limitations under § 1983 and applicable Ohio statutes.  (ECF No. 20, PageID #108–10).  He argues that his claims did not accrue, and the statute of limitations did not begin to run, until March 25, 2021 (the date he became aware of the violation of his constitutional rights).  (*Id.* at PageID #109).  Alternatively, Plaintiff argues that if the statute of limitations is found to have accrued on January 3, 2021, it was subject to equitable tolling.  (*Id.* at PageID #103–07).

*1.      Equitable Tolling*

The Court will first address Plaintiff's contention that his claims are not time-barred because he is entitled to equitable tolling.  Equitable tolling is the doctrine that "the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired."  *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). "[T]olling principles are governed by state law[.]"  *Bowden*, 13 F. App'x at 272; *see Roberson v.*

*Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) ("Having borrowed the state's statute of limitations for the § 1983 claims, we apply the state's tolling rules as long as they are not inconsistent with federal law or policy.") (quoting *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 842 (6th Cir. 2015) (internal quotations omitted)).

"Ohio courts have rarely invoked the doctrine of equitable tolling." *Ashdown v. Buchanan*, No. 2:17-CV-495, 2021 U.S. Dist. LEXIS 119649, 2021 WL 2643111 at *4 (S.D. Ohio June 28, 2021) (citing *Weikle v. Skorepa*, 69 F. App'x 684, 687 (6th Cir. 2003)). "A litigant seeking equitable tolling must show that he has diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action." *Id.* (quotations omitted). "Equitable tolling under Ohio law is to be applied sparingly and only in exceptional circumstances." *Id.* (citing *G.G. Marck and Associates, Inc. v. Peng*, 762 F. App'x 303, 312 (6th Cir. 2019)); *Jones v. Ohio Dep't of Pub. Safety*, No. 2:22-cv-3692, 2024 U.S. Dist. LEXIS 22105, at *13 (S.D. Ohio Feb. 7, 2024) ("In Ohio, '[e]quitable tolling is only available in compelling cases which justify a departure from established procedure.'" (quoting *Roach v. Vapor Station Columbus, Inc.*, 2022-Ohio-2106, ¶ 8 (Ohio Ct. App. 2022))) "The doctrine is generally limited to circumstances in which a litigant is intentionally misled or tricked into missing the filing deadline." *Roach*, 2022-Ohio-2106, ¶ 8. "Federal courts also apply equitable tolling sparingly." *Id.* at *4 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (internal citations omitted)).

The Court finds that the Plaintiff has failed to demonstrate or allege facts warranting equitable tolling. Plaintiff generally argues that he is entitled to equitable tolling because Defendants delayed providing relevant discovery and exonerating material to Plaintiff and his criminal defense attorney during the course of the criminal prosecution against him. (*See* ECF

No. 20, PageID #104–07). Even if Defendants delayed discovery in that criminal proceeding, Plaintiff concedes that he was provided with the relevant discovery on March 25, 2021, (*id.* at PageID #109), and that case was resolved on August 23, 2021, (*id.*; ECF No. 13, PageID #72). It is unclear how the delayed discovery would have prevented Plaintiff from filing a timely lawsuit. Moreover, Plaintiff concedes that he was aware of his claims against Defendants on March 25, 2021. (ECF No. 20, PageID #109). Plaintiff has provided no explanation or excuse for why he decided to wait nearly two years before filing the instant action.

Plaintiff also states, without further elaboration, that "Defendants' intentional prosecutorial and police misconduct prevented Plaintiff from filing a lawsuit." (*Id.* at PageID #105). Putting aside the conclusory nature of this statement, Plaintiff provides no allegations of misconduct, other than the delayed discovery, that prevented a timely filing. Accordingly, Plaintiff is not entitled to equitable tolling of his claims.

### 2. *Plaintiff's § 1983 Claims*

#### a. Applicable Statute of Limitations for § 1983 Claims

The statute of limitations for a claim for relief under § 1983 is governed by the statute of limitations for personal injury claims. *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 394, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)); *Bowden v. City of Franklin*, 13 F. App'x 266, 272 (6th Cir. 2001); *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) ("The Supreme Court has held that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought."). The Ohio statute of limitations for personal injury claims is two years. Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th

Cir. 1989). Thus, the Sixth Circuit has held that a two-year statute of limitations applies to §1983 claims in Ohio. *See Beaver St. Invs.*, 65 F.4th at 826; *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (en banc)).

Both parties agree that Plaintiff's § 1983 claims are governed by a two-year statute of limitations. (ECF No. 13, PageID #70; ECF No. 20, PageID #108). Plaintiff's complaint asserts five causes of action under § 1983: Count One (Unlawful Search); Count Two (Unlawful Seizure); Count Three (Unconstitutional Custom/Policy); Count Four (Municipal Failure to Train); and Count Seven (Malicious Prosecution). (ECF No. 1, PageID #8–15, 17–18). Defendants erroneously contend that Plaintiff's claim for malicious prosecution under Count Seven is governed by the one-year statute of limitations under Ohio Rev. Code § 2305.11(A). (ECF No. 13, PageID #72). Because Plaintiff brought his malicious prosecution claim pursuant to § 1983, it is subject to the corresponding two-year statute of limitations for all § 1983 claims brought in Ohio.

### b.  General Law on Accrual

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see also Bowden*, 13 F. App'x at 272 ("While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law."). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (cleaned up). Because an action generally accrues "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred," courts usually determine

12

the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citations omitted). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. 384 at 391 (citation omitted). "In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Bowden*, 13 F. App'x at 273 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991); *Sevier*, 742 F.2d at 273). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

c.      Counts One and Two – Unlawful Search and Seizure

Under Counts One and Two, Plaintiff alleges that his Fourth Amendment rights against unlawful search and seizure were violated when Defendants searched, detained, and arrested Plaintiff without probable cause on January 3, 2021. (*See* ECF No. 1, PageID #8–11). In cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations typically begins to run on the date that the alleged constitutional violations occurred. *See Wallace*, 549 U.S. at 388. Courts in this circuit have consistently held a claim for unlawful search and seizure accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008); *see also Thomas v. Mayo*, Civil Action No. 3:21-cv-549-RGJ, 2024 U.S. Dist. LEXIS 5132, at *16-17 (W.D. Ky. Jan. 10, 2024) ("For Thomas's Fourth Amendment claim for unlawful search and seizure, the one-year statute of limitations began to run on October 4, 2018, the date of Thomas's arrest and the alleged illegal search and seizure."); *Moore v. Moore*, No. 1:19-CV-01634, 2019 U.S. Dist. LEXIS 211019, at *7-8 (N.D. Ohio Dec. 6, 2019) ("A claim under § 1983 for improper search and

seizure accrues at the time the search and seizure takes place so long as the plaintiff is aware it is taking place.").  To the extent that Plaintiff intends to assert a claim for false arrest under Count Two, a § 1983 claim based on false arrest, or false imprisonment stemming from a false arrest, accrues either at the time of arrest or when the plaintiff is detained pursuant to legal process. *Wallace*, 549 U.S. at 397; *Fox v. DeSoto*, 489 F.3d 227, 235 ("[T]he Court in *Wallace* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest, or, at the latest, when detention without legal process ends.").

According to the complaint, the alleged unlawful search, seizure, and arrest of Plaintiff occurred on January 3, 2021.  (ECF No. 1, PageID #5–11).  Plaintiff's claims for unlawful search and seizure accrued at that time.[4]  Plaintiff does not allege that he was held in custody past January 3, 2021.  But even if he was, Plaintiff was arraigned on the charges stemming from the traffic stop and his arrest on January 26, 2021, before the case was transferred to Parma Municipal Court.  *See City of Brooklyn v. Philip Waseleski*, Brooklyn Mayor's Court, Case No. 21TRD00028.  Thus, Plaintiff's potential claim for false arrest accrued on that date.  Because the complaint was filed on March 16, 2023, more than two years after Plaintiff's claims under Count One and Two accrued, those counts are barred by the statute of limitations and subject to dismissal.  Accordingly, Counts One and Two are **DISMISSED WITH PREJUDICE**.

> d.  Counts Three and Four – Municipal Liability under *Monell*[5]

Under Counts Three and Four, Plaintiff asserts two claims for *Monell* liability against Brooklyn based on: (i) a municipal custom or policy of stopping and harassing people who appear

---

[4] To the extent that Plaintiff is attempting to assert a claim for unlawful search and seizure of his property during the traffic stop, such a claim would also accrue on the same date of the incident.  *Hamann v. Charter Twp. of Van Buren*, No. 20-10849, 2021 U.S. Dist. LEXIS 26919, at *14 (E.D. Mich. Feb. 11, 2021) (collecting cases); *Moore*, 2019 U.S. Dist. LEXIS 211019, at *7–8.
[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

to be gender non-conforming (Count Three); and (ii) failure to train police officers regarding unreasonable searches and seizures (Count Four). (*See* ECF No. 1, PageID #12–15). The Sixth Circuit has not addressed whether a *Monell* liability claim necessarily accrues at the same time as the individual underlying claims, which in this case would be January 3, 2021. A district court in the Southern District of Ohio recently noted that: "The question of when a *Monell* claim accrues turns out to be a thornier issue than one might imagine." *Boyer v. Clinton Cnty. Sheriff's Off.*, 645 F. Supp. 3d 815, 823 (S.D. Ohio 2022). "Lower courts have divided into two camps. In the first, courts hold that a *Monell* claim accrues when the underlying conduct giving rise to potential *Monell* liability occurred." *Id.* (collecting cases); *see also Oliva v. City of Chi.*, No. 21-cv-06001, 2023 U.S. Dist. LEXIS 50346, at *17-18 (N.D. Ill. Mar. 24, 2023) ("Plaintiff's *Monell* claim thus accrued contemporaneously with his underlying Fourth Amendment claim. Because a two-year statute of limitations is applicable to both claims, the *Monell* claim is also untimely."); *Spence v. Swartz*, No. 3:22-cv-135 (GROH), 2022 U.S. Dist. LEXIS 194927, at *14-15 (N.D.W. Va. Sep. 28, 2022) ("Because the undersigned holds that Plaintiff failed to timely state predicate § 1983 claims against the individual officer or prosecuting attorneys, the undersigned must also hold that Plaintiff failed to state supervisory liability and municipal liability claims.").

"In the second camp, courts follow what they often call a 'delayed accrual' theory. Under this theory, a *Monell* claim does not accrue until a plaintiff is at least on inquiry notice that the conduct the plaintiff experienced is part of some pattern or practice sufficient to give rise to *Monell* liability." *Boyer*, 645 F. Supp. 3d at 823 (collecting cases) (internal citations omitted).

District courts within this circuit that have addressed this issue have generally determined that a *Monell* claim for liability accrues at the same time the underlying injury occurs. *Id.* at 824 (collecting cases); *see, e.g., id.* at 823–25; *Annette v. Haslam*, No. 3:18-1299, 2020 U.S. Dist.

LEXIS 13604, at *33 (M.D. Tenn. Jan. 27, 2020) ("To the extent that Plaintiff's claims against the

Municipal Defendants are based upon theories that the Municipal Defendants bear responsibility

for the action of the individual Defendants because of derivative and *respondeat superior* liability

or because of lack of training, such claims suffer from the same statute of limitations bar as the

underlying claims against the individual Defendants.")

    Without any binding authority, and given the general consensus of district courts within

this circuit, the Court finds the first camp more persuasive and adopts the reasoning set forth by

the *Boyer* Court:

> As a general matter, a cause of action accrues when the plaintiff knows (or
> reasonably should know) of his injury.  *Sevier*, 742 F.2d at 272.  To be sure, in the
> § 1983 context, a plaintiff may not learn he has a viable cause of action against a
> supervisor for an injury that a subordinate causes until additional facts are known
> (such as a policy or pattern).  But as the court observed in *Lander v. JPMorgan
> Chase Bank National Association*, "the accrual of the cause of action does not await
> the plaintiff's recognition that he has grounds for a lawsuit, or discovery that the
> defendant behaved tortiously, or recognition that the plaintiff might have a winning
> lawsuit."  No. 4:21-cv-353, 2022 U.S. Dist. LEXIS 48958, 2022 WL 838376, at *6
> (E.D. Tex. Feb. 24, 2022), *report and recommendation adopted*, 2022 U.S. Dist.
> LEXIS 48845, 2022 WL 829330 (E.D. Tex. Mar. 18, 2022) (quoting *Porter v.
> Charter Med. Corp.*, 957 F. Supp. 1427, 1438-39 (N.D. Tex. 1997) (internal
> citations omitted)); *see also Sevier*, 742 F.2d at 272.  This Court agrees.  An injury
> triggers the plaintiff's obligation to investigate who may bear liability for that harm.
> Moreover, a supervisor's failure to supervise or discipline his or her subordinate
> does not somehow work a separate and distinct injury on the plaintiff.  Rather,
> *Monell* simply provides a mechanism for holding a supervisor liable for the injury
> that a subordinate directly caused.  So in this Court's view, the "delayed accrual"
> inquiry asks the wrong question—when the plaintiff learned he could expand the
> pool of viable defendants to include the supervisor—and thus arrives at the wrong
> result.

*Boyer*, 645 F. Supp. 3d at 824.

    Under this approach, Plaintiff's claims for *Monell* liability under Counts Three and Four

are time-barred under the statute of limitations.  The claims accrued on January 3, 2021, which is

the date: (i) when Plaintiff's alleged injuries occurred during the traffic stop/incident; and (ii) the

underlying claims against the police officer defendants accrued—the very claims which Plaintiff now asserts Brooklyn has liability over.  As with Counts One and Two, Plaintiff's *Monell* liability claims are time-barred and subject to dismissal.[6]  Accordingly, Counts Three and Four are **DISMISSED WITH PREJUDICE**.

e.  Analysis – Count Seven

A § 1983 claim for malicious prosecution does not accrue until the criminal proceeding is terminated in favor of the plaintiff.  *Leaphart v. City of Detroit*, No. 19-2202, 2020 U.S. App. LEXIS 5111, at *6 (6th Cir. Feb. 19, 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 489–90, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)); *White v. Rockafellow*, No. 98-1242, 1999 U.S. App. LEXIS 8183, at *3-4 (6th Cir. Apr. 27, 1999) (same).  The trial underlying Plaintiff's claim for malicious prosecution was terminated in Plaintiff's favor in August 2021, when he was found not guilty of the single charge/citation against him (Turning at Intersection).  (ECF No. 13, PageID #72; ECF No. 20, PageID #109); *City of Brooklyn v. Waseleski*, Parma Municipal Court, Case No. 21TRD01288.  Thus, the statute of limitations did not elapse until August 2023, well after Plaintiff filed the instant complaint.  Accordingly, Count Seven is not time-barred and this portion of Defendants' motion to dismiss is **DENIED.**

2.  *Plaintiff's State Law Claims*

a.  Applicable Statute of Limitations and General Accrual

---

[6] Even if Counts Three and Four were not barred by the statute of limitations, the Court would alternatively dismiss the claims for failure to state a claim.  Plaintiff only provides conclusory allegations that: (i) Brooklyn has a practice and custom of allowing law enforcement to stop and harass people who appear to be non-gender conforming; and (ii) the training policies of Brooklyn and the BPD are inadequate with regards to unreasonable searches and seizures.  (ECF No. 1, PageID #12–15).  Broad conclusory allegations that an unconstitutional policy exists or that there is a lack of adequate training, without more, are not sufficient to state a claim for relief and are subject to dismissal pursuant to Rule 12(b)(6).  *See Ashcroft*, 556 U.S. at 681 (2009) (providing that the Federal Rules of Civil Procedure do not require courts to credit a complaint's conclusory statements without reference to its factual context).

Plaintiff has asserted three state-law claims: (i) Negligent Hiring, Training, and Supervision (Count Five); (ii) Negligent Infliction of Emotional Distress (Count Six); and (iii) False Imprisonment (Count Eight).  Plaintiff contends that Counts Five, Six, and Eight are all subject to a two-year statute of limitations.  (ECF No. 20, PageID #110).  Defendants argue that Counts Five and Six are governed by a two-year statute of limitations, and that Count Eight is subject to the one-year statute of limitations under Ohio Rev. Code § 2035.11.  (ECF No. 13, PageID #71–72).  The Court agrees with Defendants.

Negligent hiring, training, and supervision claims under Ohio law are subject to a two-year statute of limitations pursuant to Ohio Rev. Code § 2305.10(A).  *Lindsey v. City of Cleveland*, No. 1:04-cv-2239, 2007 U.S. Dist. LEXIS 17966, at *14 (N.D. Ohio Mar. 13, 2007) (citing *Keisler v. FirstEnergy Corp.*, 2006 Ohio 476 (Ohio Ct. App. 2006)); *New Wembley Llc v. Klar*, 2022-Ohio-4250, 202 N.E.3d 99, 103 (Ohio Ct. App. 2022).  Claims for negligent infliction of emotional distress are also subject to the two-year statute of limitations under § 2305.10(A).  *Callaway v. Nu-Cor Auto. Corp.*, 166 Ohio App. 3d 56, 65, 2006 Ohio 1343, 849 N.E.2d 62 (Ohio Ct. App. 2006); *Carter v. Nat'l City Bank*, No. 1:17-cv-508, 2018 U.S. Dist. LEXIS 122683, at *18 (S.D. Ohio July 23, 2018) (citing *Lawyer's Cooperative Pub. Co. v. Muething*, 65 Ohio St. 3d 273, 603 N.E.2d 969, 975 (Ohio 1992)).  By contrast, claims for false imprisonment under Ohio law are subject to a one-year statute of limitations pursuant to Ohio Rev. Code § 2305.11(A).  *Davis v. Butler Cnty., Ohio*, 658 F. App'x 208, 214–15 (6th Cir. 2016) (citing *Mayes v. City of Columbus*, 105 Ohio App. 3d 728, 746, 664 N.E.2d 1340 (Ohio Ct. App. 1995)); *see also Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012) (holding that claims of false imprisonment and false arrest under Ohio law were subject to a one-year statute of limitations under Ohio Rev. Code § 2305.11(A)).

The Court must look to Ohio law to determine when a claim for relief under Ohio law accrues. *See Bowden*, 13 F. App'x 266, 274 (6th Cir. 2001) ("In contrast to the federal civil rights claims discussed above, the Court must look to state law to determine when the claim for relief accrues when that claim is before a federal court on diversity or supplemental jurisdiction."). Under Ohio law, a cause of action will ordinarily accrue at the time a wrongful act is committed. *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 473 (6th Cir. 2013) (citing *Flagstar Bank, F.S.B. v. Airline Union's Mortg. Co.*, 947 N.E.2d 672, 675 (Ohio 2011); *Harris v. Liston*, 714 N.E.2d 377, 379 (Ohio 1999); *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983)); *Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC*, 311 F. App'x 827, 829 (6th Cir. 2009). "However, under the discovery rule, which is an exception to the general rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Buck Consultants, LLC*, 311 F. App'x at 829 (quoting *Collins v. Sotka*, 81 Ohio St. 3d 506, 1998 Ohio 331, 692 N.E.2d 581, 582 (Ohio 1998)) (internal quotation marks omitted).

b. Count Five – Negligent Hiring, Training, and Supervision

Defendants argue that Count Five is barred by the statute of limitations because it relates to the conduct during the traffic stop and therefore accrued on January 3, 2021. (*See* ECF No. 13, PageID #71). Plaintiff contends that his claim did not accrue until March 25, 2021, the date he became aware of the violation of his rights. (ECF No. 20, PageID #108–09).

Courts in Ohio have applied the discovery rule to negligent hiring/retention claims, as well as negligent training/supervision claims, whose statute of limitations is governed by Ohio Rev. Code § 2305.10(A). *See, e.g.*, *New Wembley LLC v. Klar*, 2022-Ohio-4250, 202 N.E.3d 99, 103 (Ohio Ct. App. 2022); *Lisboa v. Tramer*, 2012-Ohio-1549, ¶¶ 23-25 (Ohio Ct. App. 2012).

However, those cases are easily distinguished from the instant case because they involved circumstances where the plaintiff either did not discover the harm underlying the negligent supervision claim or failed to learn of a defendant's employer until a later date.  *See Lisboa*, 2012-Ohio-1549, ¶ 25; *New Wembley LLC*, 202 N.E.3d at 103–04.  In *Rothhaar v. Clyde Police Dep't*, the plaintiff was arrested by police officers from two different municipalities and asserted claims stemming from that arrest against the various defendants for assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, defamation, and abuse of process.  No. 99-CV-912, 2000 Ohio Misc. LEXIS 27, at *1–2 (Ohio Ct. Com. Pl. Mar. 23, 2000).  The plaintiff also brought a claim for negligent hiring and negligent supervision against the relevant law enforcement departments and municipalities.  *Id.* at *2.  These facts closely mirror those presented in this case.  In *Rothhaar*, the court determined that the negligent hiring/supervision claim accrued on the date of the arrest.[7]  *Id.* at *3–4 (citing *Owens v. Okure* (1989), 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573; *Thomas v. Shipka* (1989), 872 F.2d 772 (6th Cir.); *Francis v. Cleveland*, 78 Ohio App. 3d 593, 605 N.E.2d 966 (Ohio Ct. App 1992).

The Court finds that Count Five accrued on January 3, 2021, the date of the traffic stop and Plaintiff's arrest.  Plaintiff's claim for negligent hiring, training, and supervision directly stems from the conduct of the police officer defendants on that date.  Plaintiff was aware of the harm and there is no indication that he was unaware that the police officers were employed by BPD or that Defendant Brooklyn was the relevant municipality.  Because the complaint was filed more than two years after Plaintiff's cause of action accrued, Count Five is barred by the statute of limitations.  Accordingly, Count Five is **DISMISSED WITH PREJUDICE**.

---

[7] The trial court's decision was later affirmed on appeal by the Ohio Court of Appeals.  *See Rothhaar v. Clyde Police Dep't*, No. S-00-015, 2000 Ohio App. LEXIS 5061 (Ohio Ct. App. Nov. 3, 2000).

c.      Count Six – Negligent Infliction of Emotional Distress

Under Count Six, Plaintiff asserts a claim for negligent infliction of emotional distress, alleging that Defendants intended to cause serious emotional distress to Plaintiff and that their conduct was extreme and outrageous.  (ECF No. 1, PageID #16–17).  But Plaintiff did not allege or explain what specific conduct caused the alleged emotional distress or when the emotional distress was initially felt.  Claims for infliction of emotional distress accrue when the tort is complete, which is "at the time the injury is incurred and the emotional impact is felt."  *Dobrski v. Int'l Union*, No. 1:13-cv-1439, 2013 U.S. Dist. LEXIS 95415, at *13 (N.D. Ohio July 9, 2013) (quoting *Biro v. Hartman Funeral Home*, 107 Ohio App. 3d 508, 514, 669 N.E.2d 65, 68 (Ohio Ct. App. 1995); and citing *Stewart v. Allen*, 2008-Ohio-1645, ¶ 22 (Ohio Ct. App. 2008)); *cf. Bremar v. Ohio Univ.*, 2022-Ohio-1382, ¶ 37 (Ohio Ct. App. 2022) ("A cause of action for intentional infliction of emotional distress accrues and the statute of limitations begins to run at the time the wrongful act is committed and the emotional impact is felt.").  The pleadings under Count Six are insufficient and do not allow the Court to evaluate when Plaintiff's claims for negligent infliction of emotional distress accrued.

Count Six also fails to sufficiently plead all the required elements to sustain a claim for negligent infliction of emotional distress.

> To make out a claim for negligent infliction of emotional distress ("NIED") under Ohio law, a plaintiff must show that: (1) the plaintiff was in fear of a real, imminent, physical danger; (2) the physical danger was caused by the defendant; (3) the plaintiffs apprehension of this danger caused the plaintiff to suffer emotional distress; (4) the emotional distress suffered by the plaintiff was reasonably foreseeable; and (5) the emotional distress suffered by the plaintiff was "both severe and debilitating," meaning that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case."

*Walker v. Crawford*, No. 5:97-cv-1033, 1999 U.S. Dist. LEXIS 23945, at *14 (N.D. Ohio Sep. 15, 1999) (citing *Heiner v. Moretuzzo*, 73 Ohio St. 3d 80, 1995 Ohio 65, 652 N.E.2d 664 (Ohio 1995); *Paugh v. Hanks*, 6 Ohio St. 3d 72, 6 Ohio B. 114, 451 N.E.2d 759 (Ohio 1983)).  Under Ohio law, claims for negligent infliction of emotional distress are limited to instances where a plaintiff "either witnessed or experienced a dangerous accident or appreciated the actual physical peril, and, as a result of this cognizance, suffered serious emotional distress."  *Heiner*, 652 N.E.2d at 669.  "A complaint for negligent infliction of emotional distress must allege that 'the plaintiff was placed in fear of physical consequences to his or her own person."  *Snyder v. United States*, 590 F. App'x 505, 511–12 (6th Cir. 2014) (quoting *Heiner*, 652 N.E.2d at 669); *see also Walkosky v. Valley Mem'ls*, 2001-Ohio-3386, 146 Ohio App. 3d 149, 152, 765 N.E.2d 429, 432 (Ohio Ct. App. 2001) ("Concerning appellants' claim for negligent infliction of emotional distress, this court has noted that an essential element is that the distress is caused by the plaintiff's fear of an actual physical peril.")

Not only did Plaintiff fail to allege what specific conduct, by which specific defendants, was particularly extreme or outrageous and caused him emotional distress, he also failed to allege that any of Defendants' actions placed him in fear of physical peril.  Thus, Plaintiff has not sufficiently pled the elements necessary to sustain a claim for negligent infliction of emotional distress.  Plaintiff's conclusory allegations, and bare recitations of the elements for a negligent infliction of emotional distress claim, fail to meet the requisite pleading standards under the Federal Rules.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Accordingly, Count Six is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

d.      Count Eight – False Imprisonment

For Plaintiff's false imprisonment claim under Count Eight, he alleges that the "Patrolmen" Defendants detained, arrested, and searched him without probable cause.  (ECF No. 1, PageID #18–19).  A claim for false imprisonment under Ohio law generally accrues upon the plaintiff's release from confinement.  *Cummins v. Madison Corr. Inst.*, 2011-Ohio-1608, ¶ 8 (Ohio Ct. App. 2011) (citing *Robinson v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011 Ohio 713, ¶14 (Ohio Ct. App. 2011); *O'Connor v. Kelty*, No. 4:10-cv-338, 2013 U.S. Dist. LEXIS 11265, at *29 (N.D. Ohio Jan. 23, 2013).  Based on the allegations in the complaint, Plaintiff was arrested on January 3, 2021 and there are no indications, or allegations, that he was held in custody past that date.  Thus, Plaintiff's false imprisonment claim accrued on that date.  Plaintiff did not file this complaint until March 16, 2023, more than two years after the accrual of his claim.  Accordingly, the one-year statute of limitation under Ohio Rev. Code § 2305.11(A) bars Count Eight and it is **DISMISSED WITH PREJUDICE**.[8]

## VI.      CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion for judgment on the pleadings (ECF No. 13), to the extent that: (i) Counts One, Two, Three, Four, Five, and Eight are time-barred and **DISMISSED WITH PREJUDICE**; and (ii) Count Six is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim**.**  The motion is otherwise **DENIED IN PART** as to Count Seven.  The Court **OVERRULES** Plaintiff's objections and **AFFIRMS** the Magistrate Judge's Order (ECF No. 27) denying Plaintiff's motion for leave to amend the complaint (ECF No. 22).

---

[8] Even if Plaintiff had been held in custody until the end of the relevant proceedings before the Parma Municipal Court in August 2021, the complaint would still have been filed after the one-year statute of limitations elapsed.

Plaintiff is further **GRANTED LEAVE** to file an amended complaint within 30 days of this Order.  Plaintiff is **BARRED** from reasserting the causes of action alleged in the now-dismissed Counts One, Two, Three, Four, Five, and Eight.

**IT IS SO ORDERED.**

Dated: April 24, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**