IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP M. WASELESKI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF BROOKLYN, *et al.*,<br><br>　　　　Defendants. | CASE NO. 1:23-cv-548<br><br>DISTRICT JUDGE<br>CHARLES ESQUE FLEMING<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM OPINION AND ORDER** |

The Defendants in this matter have moved to strike the expert report filed by pro se Plaintiff Philip M. Waseleski. To set the Court's decision in context, it's necessary to consider how we arrived at this juncture.

Waseleski filed a civil rights complaint against the City of Brooklyn, its mayor, police chief, and city prosecutor, plus three police officers and ten "Jane and John Does." Doc. 1, at 1–2. In a case management order, the Court set April 15, 2024, as the cut-off date for fact discovery, and June 16, 2024, as the deadline for the "[i]nitial expert report for the party with the burden of proof due." Doc. 18, at 2. And rebuttal expert reports were due July 16, 2024. *Id*.

In April 2024, the Court granted in part a motion that the Defendants filed for judgment on the pleadings. Doc. 32. In that order, the Court granted Waseleski leave to file an amended complaint but barred him from reasserting six of the eight causes of action that he asserted in his original complaint. *Id*. at 24.

Waseleski filed an amended complaint in May 2024, and the Court scheduled a status conference to take place in June 2024. Before the scheduled conference, the Defendants filed their answer to the amended complaint, Doc. 34, and Waseleski submitted a filing styled as a reply to the answer, Doc. 35 (stricken). But because a reply to an answer is not permitted without a Court's order, the Court struck the reply. *See* Doc. 36; Fed. R. Civ. P. 7(a)(7).

The Court held the scheduled status conference on June 11, 2024. *See* Doc. 36. On June 17, 2024, Waseleski filed on an ex parte basis an April 18, 2024 note from Waseleski's doctor's office, which listed his diagnoses. *See* Doc. 38, at 1 (describing the filing); *see also* Doc. 46-1. Because Waseleski's filing was unexplained, seemingly filed in violation of a Court order, and not provided to the Defendants, the Court ordered Waseleski to show cause within seven days why his ex parte filing should not be stricken from the docket. Doc. 38 at 2. After Waseleski failed to respond to the Court's order, the Court struck his unexplained filing. *See* Order of 06/28/2024.

On July 16, 2024, Waseleski filed a motion for leave to file "instanter" a response to the Court's show cause order. Doc. 39. This motion began with assertions about the Defendants' counsel's alleged conduct during the June status conference. *Id.* at 2. It then stated that "due to technical difficulties with the CM/ECF system previously," Waseleski did not receive notice of the show cause order. *Id.* at 3. In the motion, Waseleski stated that he "understood … that he did not need to submit a copy of the expert report other than to the

2

Court by the June 16, 2024 deadline or that [the defendants] would be interested in receiving any expert testimony to issue a reply." Doc. 39, at 2. Waseleski confirmed that the filing he submitted as an "Ex Parte Expert Report *was* an expert report." *Id*. at 4 (emphasis added). In an attached response to the show cause order, Waseleski stated that he submitted the April 18, 2024 report "as an ex parte filing to the Court docket as Defendants' [counsel] conceded that they were completely finished with discovery even from Plaintiff submitting in which doesn't prevent Plaintiff from still requesting from the other side." Doc. 39-2, at 1.

The next day, on July 17, 2024, the Court issued an order in which it allowed Waseleski a chance "to try again to comply with the federal rules and the Court's orders." Doc. 40. The Court ordered Waseleski to disclose the identity of his expert and the April 18, 2024 report to the Defendants' counsel by July 24, 2024. *Id*. at 3. The Court also provided:

> Within seven days of receiving Waseleski's expert report, or no later than August 1 if the defendants have not received a report, the defendants must file a notice on the docket indicating whether they received Waseleski's expert report. Any issues the defendants may have with the substance of Waseleski's expert report may also be raised by them at that time.

*Id*. at 4. Finally, the Court recognized the possibility that Waseleski might have intended his report as a summary report for a non-retained expert and directed that if that were the case, "Waseleski must say so when he discloses his expert to the defendants." *Id*. at 3 n.3; *see Debity v. Vintage Vill.*

3

*Homeowners Ass'n*, No. 23-5897, 2024 WL 3936828, at *3 (6th Cir. Aug. 26, 2024).

Within a few hours after the Court issued its order, the Defendants filed a motion to strike Waseleski's expert report and an opposition to Waseleski's motion for leave to file instanter a response to the order to show cause. Docs. 41, 42. In the motion to strike, the Defendants argued that submitting the report without serving a copy on them violated this Court's order and the rules of civil procedure. Doc. 41, at 1. It also argued that the report was untimely. *Id*. at 2. In an opposition to filing an instanter show cause response, the Defendants argued that Waseleski had no valid excuse for failing to timely respond to the order to show cause. Doc. 42.

On July 23, 2024, Waseleski filed a notice that he provided his expert report by email to the Defendants' counsel on *July 23, 2024*, and that counsel acknowledged receiving it.[1] Doc. 43. The Defendants did not respond to this filing or file anything in response to the Court's July 17, 2024 order.

On August 2, 2024, the Court issued an order recounting the relevant history of the case. Doc. 44. In this order, the Court noted that, with respect to the Defendants' July 17 filings, because the Court "had already ruled on the timeliness of the expert report, … Defendants' arguments in their Motion to

---

[1] Waseleski actually stated that he provided the report by email on *June 23, 2024*. Doc. 43. But in a later filing, Waseleski stated that he provided the report on July 23, 2024. *See* Doc. 47, at 1. Given the timing, it is apparent that "June 23, 2024," in Waseleski's notice is simply a scrivener's error.

4

strike were unresponsive to the circumstance."[2] *Id.* at 2. And their motion "simply ignored" the Court's order. *Id.* The Court also noted that the Defendants hadn't filed anything by August 1, 2024, regarding Waseleski's expert report. *Id.* at 2–3. The Court then set August 16, 2024, for an in-person hearing in the hopes of "redirect[ing] [the] downward trajectory" the parties' interaction appeared to be taking. *Id.* at 3.

During the hearing, the Court "instructed defendants' counsel and plaintiff to proceed in their dealings with each other and the Court in a professional manner" and "also set a briefing scheduling regarding the plaintiff's expert report." Doc. 45; *see* Order of 08/19/2024. Part of the reason for setting a schedule was that at some point, Waseleski had identified a second expert report. *See* Doc. 46, at 1.

Under the schedule established after the hearing, the Defendants filed a supplemental motion to strike Waseleski's report. Doc. 46. In the motion, the Defendants noted that the Court had granted them leave to file a supplemental pleading because of confusion related to the fact that Waseleski had identified two documents as his expert report: an April 18, 2024 "to whom it may concern" letter from "B.H. Care Team," Doc. 46-1 (the "April 18, 2024 report"); and a March 14, 2022 progress note, possibly issued by Licensed Clinical Social

---

[2] While the initial expert report date was June 16, 2024, Doc. 18, at 2, that day was a Sunday. Waseleski's June 17, 2024 filing was therefore submitted *to the Court* by the deadline for providing it to the Defendants.

5

Worker Megan Brinker, Doc. 46-2 (the "March 14, 2022 report"). *See* Doc. 46, at 1.

The Defendants argue that Waseleski's documents complied with neither Federal Rule of Civil Procedure 26(a)(2)(B), for witnesses who must provide a report, nor Rule 26(a)(2)(C), for witnesses who need only provide a summary report. *Id.* at 1–2. The Defendants note that neither document contains a "statement of the opinions the witness intends" and neither identifies an "actual … witness … as an expert." *Id.* at 2. The Defendants add that neither document provides the "facts or data to be considered by the witness" or the witness's qualifications or compensation. *Id.* at 2–3. The Defendants also argue that neither document passes muster under Federal Rule of Evidence 702 because neither would be helpful to the trier of fact. *Id.* at 3.

Waseleski filed an opposition to the Defendants' supplemental motion. Doc. 47. Waseleski asserts that in their supplemental filing, the Defendants:

> failed to put on anything contrary to Plaintiff's Expert Report submissions and is in plain language for this Court to convey damages inflicted upon Plaintiff only by the Defendants who are named in this lawsuit and no other police officers or individuals, who are responsible and undoubtedly cannot be refuted and or negated.

*Id.* at 1–2. He also accuses the Defendants in various ways of infringing on citizens' right and avoiding responsibility for their actions. *Id.* at 2.

6

Moving on, Waseleski makes repeated reference to the June 2024 status conference during which Defendants' counsel stated that discovery was complete.³ *Id*. at 3–4. He also asserts that: (1) the Court's case management schedule merely provided that "initial" expert reports were due on June 16, 2024; (2) he submitted an "'initial' document and not a 'final' expert report"; (3) his final expert report—which apparently is a different, yet unpresented document—"does meet the Federal Civil Rules regarding appropriate contact and format for an expert report, as required under Rule 26(a)(2)(B)"; and (4) he will provide a "final" report with his motion for summary judgment. *Id*. at 3–4.

Waseleski then turned to Defendants' July 17 filing and offered the following:

> However, the Court's July 17, 2024 Order [Doc. 40] rendered both of Defendants' motions "moot". These filings are simply "frivolous" and improper before this Court. <u>It is highly irregular and fails to demonstrate proper respect for the standards expected of practicing legal counsel to file a motion subsequent to a court's issuance of a ruling. This practice is inconsistent with the obligations of attorneys admitted to practice before any court, whether federal or state, as they are required to adhere to established procedural norms and respect the authority of prior judicial determinations. My legal colleagues concur, who have well known reputations and high level of legal experience and are respected in the legal profession and from</u>

---

³ In his filing, Waseleski seems to fault the Court for enforcing the rule that a reply to an answer is not permitted unless ordered by the Court, claiming that the Defendants waived any objection. Doc. 47, at 3; *see* Fed. R. Civ. P. 7(a)(7).

7

> prestigious law firms, agree with Plaintiff on this issue. A motion is only to be filed when there is something requested of a court and or something pending before a court, without a ruling on it.

*Id.* at 4–5. Based on this observation, Waseleski invites the Court to sanction Defendants under Rule 11 of the Rules of Civil Procedure. *Id.* at 5. Waseleski concludes that portion of his opposition by stating that because the Court's

> July 17, 2024 Order [Doc. 40] has rendered moot Defendants' Motion to Strike Plaintiff's "Expert Report" [Doc. 41] and Defendant's Brief Opposing Plaintiff's Motion for Leave to File Instanter [Doc. 42], and given that Plaintiff has now fully complied with the Magistrate's Order, Plaintiff deems it unnecessary to submit any further response to Defendants' motions.

*Id.* at 5.

Next, Waseleski says that the Defendants' failure to submit a filing by August 1, 2024, in response to the Court's July 17, 2024 order is sanctionable under certain inapplicable State of Ohio civil rules. *Id.* at 6. Waseleski also says that the Defendants' critique of his March 14, 2022 report goes to weight rather than admissibility. *Id.* at 7. And finally, he says that the Defendants' failure to settle this matter has exacerbated his "health conditions." *Id.*

On September 18, 2024, Waseleski filed an opposition to Defendants' July 17, 2024 filings. *See* Doc. 48. He did not seek leave to file this document nearly seven weeks late. In it, he argues that (1) he showed good cause to excuse filing his show cause response late, and (2) Defendants haven't been prejudiced. *Id.* at 3. As to the motion to strike, Waseleski says that he "has

8

timely provided an initial expert report in compliance with the Court's scheduling orders. Defendants have not been deprived of any substantive rights under Rule 26, as they could have requested access to the same expert report." *Id*. at 4. He accuses the Defendants of "focus[ing] on a minor procedural issue that can be remedied through supplementation." *Id*. Waseleski asserts that his "slight procedural irregularity should not result in the drastic remedy of striking the report." *Id*. And he concludes that excluding his report would be "an excessively harsh remedy." *Id*.

*Discussion*

Distilled to its essence, the parties' dispute is this. Waseleski wants to offer what he says is an expert report, or possibly two reports. The Defendants want the Court to strike the report or reports because they were submitted late and don't meet the requirements for an expert report. And Waseleski, somewhat ironically, says that the Defendants' objections come too late and should be disregarded.

There is merit to both sides' contentions.

Start with what the Defendants say. They say that Waseleski's documents, Docs. 46-1, 46-2, represent wholesale violations of the expert report requirements in Rule 26(a)(2)(B).[4] Doc. 46. This is true. The report or reports don't include any of the six things required by the rule.

---

[4] In theory, Waseleski might have attempted to offer his reports under Rule 26(a)(2)(C), as reports of non-retained experts. *See Debity*, 2024 WL

9

But, as Waseleski notes, Doc. 47, at 6, the Court gave the Defendants a specific timeframe—until August 1, 2024—in which to raise any issues with Waseleski's report, Doc. 40, at 4. But Defendants raised no objections.

It is true that during the August 2024 hearing, the Court gave the Defendants a second chance to object to Waseleski's expert report. *See* Doc. 46, at 1. But the Court did this "because [Waseleski] identified two documents at the hearing"—the April 18, 2024 report and the March 14, 2022 report—"as comprising his expert report." *Id*. The fact that Waseleski identified two documents does not, however, explain why the Defendants raised no objections by August 1, 2024. In retrospect, it is apparent that Defendants have forfeited their objections to Waseleski's report.

But this does not end the matter. Recall that expert reports were due June 16, 2024. Waseleski filed but did not serve the April 18, 2024 report. Waseleski then missed the deadline to show cause and, nearly three weeks late, attempted to show cause in hopes of saving the April 18, 2024 report. Doc. 39. The Court then exercised its discretion and gave Waseleski the chance to attempt to comply with Rule 26 by providing the April 18, 2024 report to Defendants by July 24, 2024. Doc. 40, at 3. Waseleski, however, attempted to take advantage of the situation that resulted from his omissions by not only providing the Defendants with the previously submitted April 18, 2024

---

3936828, at *3. But Waseleski says that his reports fall under Rule 26(a)(2)(B). *See* Doc. 47 at 3.

10

report—the one that was the subject of his July 16 motion and the Court's July 17 order—but also a new report, the March 14, 2022 report. But Waseleski did not ask for and the Court did not grant him the opportunity to submit any report other than the April 18, 2024 report. And the Court did not grant leave to file a separate report well past the June 2024 deadline.

So *the* report on which Waseleski can rely is the one he attempted to submit on June 17, 2024, and which was the subject of the Court's order to show cause and Waseleski's instanter motion. Absent leave neither requested nor granted, Waseleski cannot rely on the March 14, 2022 report as his expert report.

Further, in light of the Defendants' forfeiture of their objections to the April 18, 2024 report, any issues about it will, as Waseleski has suggested, go to weight rather admissibility. This means that in adjudicating any motions for summary judgment, the Court will assign the report the weight it deems appropriate in light of the report's complete failure to comply with Rule 26(a)(2)(B).

This brings the Court to a related point. The Court's scheduling order provided deadlines for an "[i]nitial expert report for the party with the burden of proof due" and for rebuttal experts. Doc. 18. There was no third category of what Waseleski proposes as a "final" expert report. *See* Doc. 47, at 3–4 ("Plaintiff's final expert report will be included in his Motion to Summary Judgement and submitted before trial set date."). The deadline for Waseleski,

11

as the party with the burden of proof, to file his expert report expired in June 2024. He may not submit some other, as yet unprovided, report in conjunction with summary judgment briefing.

Four points of apparent confusion remain. First, Waseleski asserts with respect to the due date for expert reports that "there was confusion as to if and when the opposing counsel would receive expert report document if you refer to Rule Fed. R. Civ. P. 26(a)(2)(D), for different due dates." Doc. 48, at 4; *see* Doc. 39, at 4. But the timeline in Rule 26(a)(2)(D)(i) and (ii) is prefaced by the explanation that "A party must make the[] disclosures" required by Rule 26(a)(2) "at the times and in the sequence *that the court orders*." Fed. R. Civ. P. 26(a)(2)(D) (emphasis added). It further provides that "[a]bsent a stipulation or *a court order*, the disclosures must be made" as described in Rule 26(a)(2)(D)(i) and (ii)." *Id.* (emphasis added). Here the Court issued an order governing expert disclosures under Rule 26(a)(2). *See* Doc. 18, at 2. Under Rule 26(a)(2)(D), the Court's schedule governs.

Second, it has become apparent that Waseleski has taken a lackadaisical attitude toward the rules and deadlines that govern this case. He filed his expert report ex parte without serving it.[5] Waseleski then missed the

---

[5] Waseleski says that because Defendants' counsel said during the June 2024 status conference that Defendants "were completely finished with discovery," he didn't think that he needed to give them his expert report. Doc. 39-2, at 1. At best, this represents a strained reading of counsel's comments. To be clear, Waseleski was required to serve Defendants with his expert report by the deadline for doing so.

12

deadline to show cause and filed his "instanter" response nearly three weeks later. And his September 18 filing was submitted two months after the filings to which it purports to respond. Further, he regards his wholesale failure to comply with Rule 26(a)(2)(B) as a "minor technical oversight." Doc. 48, at 4.

It is true that courts will construe pro se filings liberally. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But this fact does not give pro se litigants license to ignore deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (pro se litigants should not "be accorded special consideration" when they "fail[] to adhere to readily-comprehended court deadlines"). Nor does it require the Court to ignore applicable procedural rules and "excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) (holding that even in a criminal case, "[t]he right of self-representation is not a license to … not … comply with relevant rules of procedural and substantive law"). Waseleski would do well to pay heed to the rules and deadlines that govern this case.

Third, during this litigation, Waseleski's remarks and filings have raised the possibility that he is laboring under the misapprehension that his case is being litigated in a state rather than federal forum. During one status conference, he repeatedly mentioned pursuing an issue with the "case manager" for this action. In his "reply to opposition to defendant's supplemental motion to strike," he makes repeated references Ohio state-court

13

precedent and the Ohio civil rules. *See* Doc. 47, at 5–6. And Waseleski repeatedly refers to this Court as a "magistrate." *Id*. at 3, 5; *see* Doc. 39, at 1–3; Doc. 43. But this action is in a federal forum. Federal, not state, procedural law applies in this case. *See Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008). As previously recommended, *see* Doc. 12, at 1, the Court suggests that Waseleski consult the Court's handbook for pro se litigants, https://www.ohnd.uscourts.gov/sites/ohnd/files/_ProSeGuide.pdf, and the Pro Se Information posted on this Court's public website, https://www.ohnd.uscourts.gov/pro-se-information, in addition to the Federal Rules of Civil Procedure.

Fourth, in his "reply to opposition to [Defendants'] supplemental motion to strike Plaintiff's 'expert report,'" Waseleski offers a heavily emphasized critique of Defendants' counsel and their filings and invites the Court to sanction them. Doc. 47, at 4–5. The Court admonished Waseleski during the August 2024 hearing to stop commenting on or attacking opposing counsel's professionalism. Waseleski is warned that further commentary of this nature may result in consequences more serious than an admonishment. Further, a party who seeks affirmative relief must file a motion seeking that relief; burying a request for relief in an opposition is improper. *See TransEnterix Inv'r Grp. v. TransEnterix, Inc.*, 272 F. Supp. 3d 740, 762 (E.D.N.C. 2017) ("Under Rule 7(b)(1) of the Federal Rules of Civil Procedure, '[a] request for a court order must be made by motion.' A responsive brief is not an appropriate means

14

to request leave to amend a complaint."); *Robinson v. Dyck O'Neal, Inc.*, No. 15-cv-988, 2015 WL 13359441, at *1 (M.D. Fla. Dec. 1, 2015).

*Conclusion and Schedule*

For all of the reasons stated above, the Defendants' Motion and Supplemental Motion to strike Waseleski's expert reports, Doc. 41, 46, are granted in part and denied in part. Waseleksi may not rely on his March 2022 report (Doc. 46-2) as an expert report. Waseleski may rely on his April 2024 report (Doc. 46-1) and the parties may contest the weight of that report in summary judgment briefing.

Motions for summary judgment are due October 25, 2024. Oppositions are due November 25, 2024. Replies are due December 9, 2024. By October 8, 2024, the parties must file a joint letter proposing three dates for the final pretrial conference and for the trial.

Dated: September 25, 2024

                                     */s/ James E. Grimes Jr.*
                                     James E. Grimes Jr.
                                     U.S. Magistrate Judge